UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TEVEST A. VANCE                                                    CIVIL ACTION

VERSUS                                                               NO. 18-5049

JASON KENT, WARDEN                                           SECTION: "J"(1)

# ORDER

Before the Court is Petitioner Tevest A. Vance's *Objection Magistrate Judge's Report and Recommendation* **(Rec. Doc. 12)**. Petitioner objects to the Magistrate Judge's conclusions that two of his ineffective assistance of counsel claims are meritless and another is procedurally barred. (*See* Rec. Doc. 9).

Petitioner's first contention, which the Magistrate Judge emphatically rejected, is that his trial counsel was ineffective for failing to seek a plea deal from the State for negligent homicide instead of vehicular homicide. (Rec. Doc. 12 at 2). In support of his argument that the State might have been willing to accept his plea to a negligent homicide, Vance cites to *State v. Liker*, 250 So. 3d 1105, 1107 (La. App. 2d Cir. 2018), a case in which the trial court excluded the results of a blood alcohol concentration ("BAC") test because it was the product of an illegal search. Vance makes no contention that the BAC test on which his conviction is based was similarly subject to suppression. The cited case is inapposite to this matter.

Next, petitioner suggests his counsel was ineffective for failing to investigate what Vance alleges truly caused him to kill his victim, he was looking at his cell phone

*while* he was driving drunk. (Rec. Doc. 12 at 2). That Vance was looking down at his cell phone while he was driving drunk is further evidence of his criminal recklessness; it is not evidence that he was negligent but not reckless in killing his victim. Furthermore, an act constitutes vehicular homicide if the death of the victim is caused directly *or* "caused proximately . . . by an offender engaged in the operation of . . . any motor vehicle" where the operator's BAC is 0.08 or more and that condition was a "contributing factor to the killing." La. Stat. Ann. § 14:32.1. Accordingly, Petitioner's contention that his distracted driving was a mitigating factor worthy of investigation is without merit.

Finally, Petitioner claims his counsel was ineffective for failing to seek a pre-sentence investigative report, which would have shown he was suffering from alcoholism at the commission of the crime. The Magistrate Judge found this claim to be barred because it was not raised before the state courts, but Vance objects that there is no bar because "the State, in their response in post conviction, brought up Petitioner's past criminal history of drugs and alcohol abuse," thereby opening the door to this ineffective assistance of counsel claim. (Rec. Doc. 12 at 4). In the Fifth Circuit the State must waive the exhaustion defense expressly. *Woodfox v. Cain*, 609 F.3d 774, 792 (5th Cir. 2010). Petitioner suggests only that the State implicitly waived exhaustion by referencing Petitioner's substance abuse history at some point in the state court proceedings; what the Petitioner describes is not a manifestation of

a "'clear and unambiguous intent to waive' exhaustion." *Id.* at 793 (citation omitted). The procedural bar remains.

<u>**CONCLUSION**</u>

For the reasons stated above,

**IT IS HEREBY ORDERED** that Petitioner's *Objection to Magistrate's Report and Recommendation* **(Rec. Doc. 12)** is **OVERRULED** and the Magistrate's Report and Recommendation (Rec. Doc. 9) is **ADOPTED** as the opinion of the district court.

**IT IS FURTHER ORDERED** that the federal application for habeas corpus relief filed by Tevest A. Vance is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 5th day of June, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT COURT